**UNITED STATES of America, Appellee,**

v.

**Robert D. POITRAS and William J. Duprez, Appellants.**

**No. 9488.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 19, 1964.

Decided Dec. 8, 1964.

Greater precision could have been achieved by the criminal pleader by use of the statutory language, "liberated unharmed", to avoid limiting the existence of injury to the date of liberation. Cf. Robinson v. United States, 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944 (1945); Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959), including the separate opinion of Justice Clark at p. 13, 79 S.Ct. at p. 998. But we find the present allegation sufficed to guarantee the defendants immunity from the death penalty.

In addition, the Government's bill of particulars and the oral explanation of the Court on voir dire examination unequivocally and irrevocably informed the jurors that capital punishment was neither sought nor possible in their verdict. The judgment of the District Court will be affirmed.

Affirmed.

James Woolls, Alexandria, Va. (Court-assigned counsel), for appellants.

Plato Cacheris, First Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and NORTHROP, District Judge.

PER CURIAM:

In our opinion the District Court did not err in refusing to allow the accused the number of peremptory challenges permitted in a capital case,[1] the one error they assign on this appeal. While the charge was kidnapping, in violation of 18 U.S.C. § 1201 which permits punishment by death, the appellants were granted only the challenges prescribed for a noncapital felony prosecution [1] because the indictment stated that the victim was "unharmed at the time of his liberation".